UNITED STATES of America,
Plaintiff–Appellee,

v.

William FERREIRA, Defendant–
Appellant.

No. 04–41673.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 21, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Amador C. Garcia, Randall Barrera, Law Office of Randall Barrera, Corpus Christi, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

William Ferreira appeals the sentence imposed following his guilty-plea conviction of passing counterfeit money in violation of 18 U.S.C. §§ 2 and 473. Ferreira's contention that the district court erroneously relied on his equivocal accep-

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tance of responsibility as a basis for departure after giving him credit for acceptance of responsibility is without merit. The district court made it plain that the departure was based on its conclusion that Ferreira's criminal history category of VI did not adequately reflect the seriousness of his criminal history or the likelihood of recidivism in light of his Ferreira's forty criminal history points and the similarity of the instant offense to past offenses. Under-representation of criminal history is a proper basis for departure. *United States v. Smith,* 417 F.3d 483, 491 (5th Cir.2005).

As Ferreira contends, the district court did state that the equivocal nature of his acceptance of responsibility when speaking with the probation officer was another reason for departure. The district court made it plain, however, that the criminal history score was the primary reason supporting the departure and stated that it would have imposed the same departure even if Ferreira had been truthful when speaking to the probation officer. Thus, we need not determine whether the court erred, because any purported error was harmless. *See United States v. Akpan,* 407 F.3d 360, 376–77 (5th Cir.2005); *see also United States v. Cade,* 279 F.3d 265, 273 (5th Cir.2002).

Although Ferreira contends that the departure should be reviewed for reasonableness, he does not argue that the departure was unreasonable; therefore, he has abandoned any such argument. *See United States v. Lucien,* 61 F.3d 366, 370 (5th Cir.1995). In any event, the extent of the departure was reasonable. *See Smith,* 417 F.3d at 491–92. Accordingly, the judgment of sentence is AFFIRMED.